IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

UNITED STATES OF AMERICA

v.                                                                  No. 7:25-CR-019-O

TRAVIS ROBERT LARSON (01)

## FACTUAL RESUME

I.   Plea: Defendant is pleading guilty to Counts One and Two of the Superseding Information, which charges Enticement of a Minor, in violation of 18 U.S.C. § 2422(b) and Sexual Abuse of a Minor, in violation of 18 U.S.C. § 2243(a).

II.  Penalties: The maximum penalties the Court can impose include:

   a. imprisonment for a period for not less than ten (10) years up to life for Count One; and imprisonment for a period of not more than fifteen (15) years for Count Two;

   b. a fine not to exceed $250,000 for Count One and Count Two for a total of $500,000, or twice the pecuniary gain or twice the pecuniary loss to any victim, or both a fine and imprisonment;

   c. a term of supervised release for Counts One and Two of at least five (5) years up to any term of years to life. Revocation of the term of supervised release could result in an additional period of confinement. The effect of a revocation of a term of supervised release is to make the overall period of incarceration longer;

   d. a mandatory special assessment of $100 per Count for a total of $200;

   e. a second mandatory special assessment of $5,000 for each Count, totaling $10,000, unless the Court finds the defendant to be indigent, must also be imposed pursuant to 18 U.S.C. § 3014;

   f. forfeiture of property; and

   g. costs of incarceration and supervision.

III. <u>Essential Elements of the Offense</u>: To establish the offense alleged in Count One of the Superseding Information, the government must prove the following elements beyond a reasonable doubt:

<u>First</u>: That the defendant knowingly persuaded, induced, enticed, and coerced a minor to engage in any sexual activity as charged;

<u>Second</u>: That the defendant used the Internet, a cell phone, or any means and facility of interstate and foreign commerce to do so;

<u>Third</u>: That the defendant believed that such individual was less than 18 years of age;

<u>Fourth</u>: That had the sexual activity occurred, the defendant could be charged with the offense of Sexual Assault of a Child, under the laws of the State of Texas.

IV. <u>Essential Elements of the Offense</u>: To establish the offense alleged in Count Two of the Superseding Information, the government must prove the following elements beyond a reasonable doubt:

<u>First</u>: That the defendant knowingly engaged in a sexual act with Minor Victim One;

<u>Second</u>: At the time of the sexual act, Minor Victim One has reached the age of twelve years but had not yet reached the age of sixteen years;

<u>Third</u>: At the time of the sexual act, Minor Victim One was at least four years younger than the defendant; and

<u>Fourth</u>: That the defendant's actions took place within the special maritime and territorial jurisdiction of the United States.

V. <u>Stipulated Facts</u>:

On or about May 4, 2025, the Colorado Springs Police Department (CSPD) received a report regarding a missing person, Minor Victim One (MV1). Officers

responded to her residence and spoke with her father who indicated he located MV1's phone and was able to access messages between MV1 and the person later identified as Travis Robert Larson discussing Larson driving from Texas to Colorado Springs to pick up MV1 and bring her back to Texas. Officers were able to locate surveillance footage of the vehicle used by Larson to pick up MV1 and used law enforcement databases to track the vehicle traveling from Texas to Colorado Springs, and then back to Texas in late evening hours of May 3, 2025, to May 4, 2025.

Through investigative resources, CSPD determined that Larson was an active member of the United States Air Force (USAF) and currently stationed at Sheppard Air Force Base in Wichita Falls, Texas. On the evening of May 5, 2025, Security Forces Squadron of the USAF locate Larson in his dorm room. They search his room and collect multiple devices including his cellular phone. Approximately an hour later, they locate MV1 near his room and she's interviewed by the Office of Special Investigations (OSI) of the USAF. Over a series of interviews including a SANE exam, a Child Assisted Forensic Interview (CAFI), and an interview with OSI, MV1 disclosed that she and Larson began communicating when she was between ten and eleven years old. MV1 disclosed that their initial communication was through a dating application and she and Larson participated in a video call where they engaged in sexually explicit conduct. Subsequently, MV1 would send him sexually explicit photos of herself often at Larson's request. MV1 described her relationship with Larson as mostly online and lasted several years. Eventually Larson began discussing coming up to visit her when she moved to

Colorado Springs. MV1 disclosed that Larson drove up to Colorado Springs on April 26, 2025, and she met him outside of her residence. He drove them to a nearby park where he digitally penetrated her sexual organ while inside his vehicle.

MV1 disclosed that her and Larson would primarily communicate through the application Snapchat and that they discussed Larson driving up to Colorado Springs again. Their communication includes the defendant promising to bring her alcohol, specifically Peach Crown, and Larson describes his desire to have sex with her and his willingness to resort to violence if necessary. On or about May 3, 2025, Larson began driving from Texas to Colorado Springs and arrived at MV1's residence around 3:30 am. She walks out to his car, and they drive to a nearby park where they have sexual intercourse. Instead of driving MV1 back to her residence, he starts driving back to Texas, against the will of MV1.

Larson and MV1 are captured on surveillance footage at the Buc-ee's gas station in Amarillo, Texas on May 4, 2025. Larson hides MV1 in the trunk of his vehicle and he enters Sheppard Air Force Base (SAFB) around 3:00 pm. Larson takes MV1 to his dormitory and from May 4, 2025 to May 5, 2025, the defendant engages in multiple sexual acts with MV1 to include the digital penetration of the sexual organ of MV1, the digital penetration of MV1's anus, and causing Larson's sexual organ to contact MV1's sexual organ. All of these acts occur while inside Larson's dormitory on SAFB, in the special maritime and territorial jurisdiction of the United States, and land acquired for the use of the United States and under the exclusive jurisdiction thereof. During this time

frame, MV1 had attained 12 years of age but had not yet attained 16 years of age, and MV1 was at least four years younger than Larson.

A search warrant was issued for Larson's cellular phone as well as the content from the Snapchat accounts of MV1 and the defendant. The messages between MV1 and Larson confirm that between on or about February 1, 2025 through May 6, 2025, in the Wichita Falls Division of the Northern District of Texas and elsewhere, the Defendant used a means and facility of interstate and foreign commerce, here the Internet, a cell phone and Snapchat, to persuade, induce, entice, and coerce MV1 to engage in sexual activity for which Larson could be charged under Texas Penal Code 22.011 and 21.11.

A review of Larson's phone revealed that located inside a private folder were images of an Apple Note with an initial create date of August 20, 2023, and contained MV1's name, date of birth, and her snapchat username, indicating Larson was aware that MV1 was 14 years of age from May 1, 2025 through May 6, 2025.

SIGNED on this 14 day of October, 2025

_____
TRAVIS ROBERT LARSON
Defendant

_____
ROBERT ESTRADA
Attorney for Defendant