# UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
Wichita Falls Division

| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|
| v. | Case Number: 7:25-CR-00019-O(01) |
|  | U.S. Marshal's No.: 01689-512 |
| TRAVIS ROBERT LARSON | Allyson Monte, Assistant U.S. Attorney |
|  | Bob Estrada, Attorney for the Defendant |

On November 5, 2025 the defendant, TRAVIS ROBERT LARSON, entered a plea of guilty as to Count One and Two of the Superseding Information filed on October 16, 2025. Accordingly, the defendant is adjudged guilty of such Count, which involves the following offense:

| **Title & Section** | **Nature of Offense** | **Offense Ended** | **Count** |
|---|---|---|---|
| 18 U.S.C. § 2422(b) | Enticement of a Minor | 05/06/2025 | One |
| 18 U.S.C. § 2243(a) | Sexual Abuse of a Minor | 05/06/2025 | Two |

The defendant is sentenced as provided in pages 2 through 5 of this judgment. The sentence is imposed pursuant to Title 18, United States Code § 3553(a), taking the guidelines issued by the United States Sentencing Commission pursuant to Title 28, United States Code § 994(a)(1), as advisory only.

The defendant shall pay immediately a special assessment of $200.00 as to Count One and Two of the Superseding Information filed on October 16, 2025. The Court concluded the defendant is indigent and the $5,000 assessment required pursuant to 18 U.S.C. § 3014 is waived

Upon motion of the government, all remaining counts are dismissed, as to this defendant only.

The defendant shall notify the United States Attorney for this district within thirty days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Sentence imposed February 27, 2026.

_____
REED O'CONNOR
CHIEF U.S. DISTRICT JUDGE

Signed February 27, 2026.

Judgment in a Criminal Case Page **2** of **5**
Defendant:  TRAVIS ROBERT LARSON
Case Number:  7:25-CR-00019-O(1)

## IMPRISONMENT

The defendant, TRAVIS ROBERT LARSON, is hereby committed to the custody of the Federal Bureau of Prisons (BOP) to be imprisoned for a term of LIFE as to Count One and ONE HUNDRED EIGHTY (180) MONTHS as to Count Two of the Superseding Information filed on October 16, 2025, to run CONCURRENTLY for a **TOTAL** of **LIFE**.

The defendant is remanded to the custody of the United States Marshal.

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be placed on supervised release for a term of **FIFTEEN (15) YEARS** per Count, to run CONCURRENTLY as to Count One and Two of the Superseding Information filed on October 16, 2025.

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

( 1 ) You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
( 2 ) After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
( 3 ) You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
( 4 ) You must answer truthfully the questions asked by your probation officer.
( 5 ) You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
( 6 ) You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
( 7 ) You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.

Judgment in a Criminal Case Page **3** of **5**
Defendant: TRAVIS ROBERT LARSON
Case Number: 7:25-CR-00019-O(1)

( 8) You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
( 9) If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
(10) You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
(11) You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
(12) If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
(13) You must follow the instructions of the probation officer related to the conditions of supervision.

In addition the defendant shall:

not commit another federal, state, or local crime;

not illegally possess controlled substances;

cooperate in the collection of DNA as directed by the probation officer;

not possess a firearm, ammunition, destructive device, or any dangerous weapon;

refrain from any unlawful use of a controlled substance; the following drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse: You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court;

comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense;

pay the assessment imposed in accordance with 18 U.S.C. § 3013;

have no contact with minors under the age of 18, including by correspondence, telephone, internet, electronic communication, or communication through third parties. The defendant shall not have access to or loiter near school grounds, parks, arcades, playgrounds, amusement parks or other places where children may frequently congregate, except as may be allowed upon advance approval by the probation officer;

Judgment in a Criminal Case Page **4** of **5**
Defendant: TRAVIS ROBERT LARSON
Case Number: 7:25-CR-00019-O(1)

have no contact with the victim(s), including correspondence, telephone contact, or communication through third parties except under circumstances approved in advance by the probation officer and not enter onto the premises, travel past, or loiter near the victims' residences, places of employment, or other places frequented by the victims;

participate and comply with the requirements of the Computer and Internet Monitoring Program and shall pay the costs of the program. The defendant shall consent to the probation officer's conducting ongoing monitoring of his/her computer/computers. The monitoring may include the installation of hardware and/or software systems that allow evaluation of computer use. The defendant shall not remove, tamper with, reverse engineer, or circumvent the software in any way. The defendant shall only use authorized computer systems that are compatible with the software and/or hardware used by the Computer and Internet Monitoring Program. The defendant shall permit the probation officer to conduct a preliminary computer search prior to the installation of software. At the discretion of the probation officer, the monitoring software may be disabled or removed at any time during the term of supervision;

submit to periodic, unannounced examinations of his/her computer/computers, storage media, and/or other electronic or Internet-capable devices, performed by the probation officer at reasonable times and in a reasonable manner based on reasonable suspicion of contraband evidence of a violation of supervision. This may include the retrieval and copying of any prohibited data and/or the removal of such system for the purpose of conducting a more thorough inspection. The defendant shall provide written authorization for release of information from the defendant's Internet service provider;

not install new hardware, perform upgrades, or effect repairs on his/her computer system without the prior permission of the probation officer;

not use any computer other than the one the defendant is authorized to use without prior approval from the probation officer;

not possess, have access to, or utilize a computer or Internet connection device, including, but not limited to Xbox, PlayStation, Nintendo, or similar device, without permission of the probation officer. This condition requires preapproval for categories of computer or Internet access or use; it does not require separate pre-use approval every time the defendant accesses or uses a computer or the Internet;

not use any software program or device designed to hide, alter, or delete records and/or logs of the defendant's computer use, Internet activities, or files stored on the defendant's computer;

not use any computer or computer-related equipment owned by his/her employer except for the strict benefit of his/her employer in the performance of his/her job-related duties;

provide the probation officer with accurate information about his/her entire computer system. The defendant's email shall only be accessed through a pre-approved application;

neither possess nor have under his/her control any pornographic matter or any matter that sexually depicts minors under the age of 18 including, but not limited to, matter obtained through access to any computer and any matter linked to computer access or use; and,

participate in sex-offender treatment services as directed by the probation officer until successfully discharged, which services may include psycho-physiological testing to monitor the defendant's compliance, treatment progress, and risk to the community, contributing to the costs of services rendered (copayment) at the rate of at least $25 per month.

## FINE/RESTITUTION

The Court does not order a fine or costs of incarceration because the defendant does not have the financial resources or future earning capacity to pay a fine or costs of incarceration.

Restitution is not ordered because to date the victim has not submitted any request for restitution.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
United States Marshal

BY _____
Deputy Marshal